Filed 5/2/16  In re Bailey R. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re BAILEY R., A Person Coming Under the Juvenile Court Law. | B264566 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>   v.<br><br>R.R. et al.,<br><br>        Defendants and Objectors;<br><br>BAILEY R.<br><br>        Minor and Appellant. | (Los Angeles County Super. Ct. No. DK04313) |

APPEAL from orders of the Superior Court of Los Angeles County, Rudolph Diaz, Judge.  Reversed with directions.

Roni Keller, under appointment by the Court of Appeal, for Minor and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2013, Bailey R., age five, was seriously abused by her father, R.R. (father).

In a criminal domestic violence protective order, father was ordered to have no contact with Bailey R. until June 24, 2017.

In dependency proceedings, father was offered reunification services and ordered to complete a 52-week domestic violence program, submit to drug tests on demand, undergo a psychiatric evaluation, and participate in a 52-week parenting program. He refused to comply with these orders, stating instead that he would wait for the child to grow up and initiate contact with him.

By the disposition hearing, father had complied with no part of the case plan, but nevertheless sought monitored visitation. At the hearing, the juvenile court at first ordered that father receive twice-a-month visits starting in 2017, when the criminal protective order expired. It stated that father might seek to have the protective order modified if he wanted to receive visitation before 2017, but no such modification would be granted until he complied with the case plan.

Later, when asked by father's counsel whether father was "only allowed to have visits if he complies with the case plan," the court responded, "Well, right now he has no visits and—he needs to comply with—yes, I am saying he needs to—he needs to address those issues."

In effect, the juvenile court's first ruling permitted father to receive visitation after 2017, or earlier if he complied with the case plan and had the protective order modified. After discussion, the court made a second, different ruling that allowed no visitation at all, even after 2017, until father complied with the case plan.

The form judgment prepared by Bailey R.'s mother's counsel and signed by the court contains a third visitation order: It simply states there shall be "no visitation."

Bailey R. appeals, contending discrepancies between orders delivered at the hearing and later in the judgment create confusion as to the actual visitation order. She requests that we reverse the judgment and remand the matter to the juvenile court with an instruction to conduct a new hearing, clarify whether father is to receive visitation, and set forth the conditions for visitation.

The appeal is authorized by Welfare and Institutions Code section 395, subdivision (a), which permits an appeal to be taken from a judgment in a proceeding under Welfare and Institutions Code, section 300, "and any subsequent order."

We partially grant Bailey R.'s request. The juvenile court made conflicting visitation rulings at the hearing and in the judgment. The judgment must be vacated and the juvenile court directed, with or without conducting a further hearing, in its discretion, to enter a new judgment clarifying its visitation order.

## DISPOSITION

The judgment is reversed. The juvenile court is directed to enter a new judgment, with or without a further hearing, that clarifies its visitation order.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.